UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUROTAINER S.A., a Foreign Corporation,

      Plaintiff,

v.

Case No.:

WORLD DIRECT SHIPPING, LLC,
a Florida Limited Liability Company,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Eurotainer S.A. ("Eurotainer") files this Complaint against Defendant, World Direct Shipping, LLC ("WDS"), and alleges as follows:

### Parties, Jurisdiction and Venue

1. This is an action for damages for conversion and unjust enrichment.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) and in accordance with U.S. Const. art. III, § 2, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs, interest, or attorneys' fees.

3. Eurotainer is a foreign corporation with its principal place of business in Paris, France.

4. WDS is Florida limited liability company with its principal place of business in Manatee County, Florida. Upon information and belief, the sole member

of WDS is Dekalb Farmers Market, Inc., with its principal place of business in Decatur, Georgia. Accordingly, for purposes of diversity, WDS is a citizen of the State of Georgia.

5. This Court has personal jurisdiction over WDS and venue is proper in this District and Division in which this Court sits because at all times material hereto: (1) WDS was and is a limited liability company organized under the laws of the State of Florida; (2) WDS was and is maintaining an office for transaction of its customary business in this District and Division; and (c) a substantial of the events giving rise to the claims in this action occurred within the jurisdictional boundaries of this District and Division.

## General Allegations

6. Eurotainer is a global leader in leasing specialized tank containers in a variety of industries.

7. WDS offers direct ocean transport between Mexico and the United States and coordinates the same from its principal place of business in Manatee County, Florida.

8. Eurotainer leased certain cargo containers to Cargo Partner Solutions, SA ("CPS"), a non-party to this action.

9. CPS, in turn, used the cargo containers to ship juice concentrate, among other things, from Mexico to the United States.

10. Unbeknownst to Eurotainer, CPS used WDS to ship the cargo containers.

11.     Eurotainer was without knowledge and not a party to the shipping contracts between CPS and WDS.

12.     In or around January 2021, CPS abandoned six (6) cargo containers owned by Eurotainer at WDS's terminal in Tuxpan, Mexico (the "Cargo Containers"). The Cargo Containers are identified as follows:

| Equipment Serial Number | Equipment Description | Value |
|---|---|---|
| EURU1440658 | ISO Tank Container | $14,632 |
| EURU1440679 | ISO Tank Container | $14,632 |
| EURU1540636 | ISO Tank Container with reefer | $32,397 |
| EURU1540739 | ISO Tank Container with reefer | $32,397 |
| EURU1441356 | ISO Tank Container | $14,683 |
| EURU1540744 | ISO Tank Container with reefer | $32,397 |

13.     Eurotainer and WDS are not in contractual privity.

14.     Eurotainer did not authorize WDS be in possession of the Cargo Containers.

15.     WDS demanded that Eurotainer pay all unpaid freight owed by CPS to WDS in exchange for release of the containers.

16.     WDS demanded the payments from its principal place of business in Manatee County, Florida.

17. On November 12, 2021, Eurotainer demanded that WDS permit Eurotainer to retrieve the Cargo Containers and otherwise relinquish its unlawful possession of the Cargo Containers.

18. WDS refused to allow Eurotainer to retrieve the Cargo Containers and, instead, demanded that Eurotainer pay storage costs for the Cargo Containers which coincidentally amounted to the unpaid freight owed by CPS to WDS.

19. WDS continues to unlawfully possess the Cargo Containers and refuses to allow Eurotainer to retrieve its Cargo Containers.

20. All conditions precedent to the bringing and maintenance of this lawsuit have been performed, have occurred, or have been waived.

21. Eurotainer has retained the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I – CONVERSION

Eurotainer realleges and incorporates paragraphs 1 through 21.

22. WDS knowingly obtained and misappropriated Eurotainer's property *(i.e.*, the Cargo Containers) through a scheme pursuant to which WDS attempted to recover money owed to it by CPS even though WDS knew that Eurotainer did not owe any money and otherwise had not right to possess the Cargo Containers.

23. Through this scheme, WDS intended to misappropriate, and actually has misappropriated, the Cargo Containers from Eurotainer for its own use.

24. Eurotainer demanded that WDS permit Eurotainer to retrieve the Cargo Containers, but WDS refused unless Eurotainer met certain unlawful demands. Under

the circumstances, any further demand for the return of the Cargo Containers would be futile.

25. WDS has deprived Eurotainer of the use and benefit of the Cargo Containers causing Eurotainer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, prejudgment interest, costs, and such other relief that this Court deems proper.

### COUNT II – UNJUST ENRICHMENT

Eurotainer realleges and incorporates paragraphs 1 through 21.

26. Eurotainer conferred a benefit upon WDS when the Cargo Containers were abandoned by CPS at WDS.

27. WDS had knowledge of, voluntarily accepted, and continues to retain the benefit conferred on them by Eurotainer via the Cargo Containers.

28. Under the circumstances, it would be inequitable for WDS to retain the benefit of the Cargo Containers.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, prejudgment interest, costs, and such other relief that this Court deems proper.

### Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 7, 2022.             /s/ *Anthony J. Cuva*
                                              Anthony J. Cuva
                                              Florida Bar No. 896251
                                              Email: cuva@tcb-law.com
                                              Anthony J. Severino
                                              Florida Bar No. 093452
                                              Email: aseverino@tcb-law.com
                                              TURKEL CUVA BARRIOS, P.A.
                                              100 North Tampa Street
                                              Suite 1900
                                              Tampa, FL  33602
                                              Telephone: (813) 834-9191
                                              *Attorneys for Plaintiff*